Lynch, J.
(dissenting). We respectfully dissent, essentially for the same reasons articulated in the dissent in Matter of Acevedo v New York State Dept. of Motor Vehs. (132 AD3d 112, 122-126 [2015]).[1] The circumstances here are even more compelling. Under the challenged regulation, a lifetime license revocation applies to a person with five or more alcohol-related driving convictions or incidents during his or her lifetime (see 15 NYCRR 136.5 [a] [1]; [b] [1]). Petitioner has six such convictions spanning a period from 1984 to 2010. In contrast to the permanent revocation imposed by respondent Commissioner of Motor Vehicles, petitioner’s license was statutorily revoked for only six months, since his previous conviction was more than 10 years before his current conviction (see Vehicle and Traffic Law § 1193 [2] [b] [2], [3]). Moreover, petitioner’s conviction did not trigger any of the statutory permanent revocation provisions set forth in Vehicle and Traffic Law § 1193 (2) (b) (12). Where a driver has three alcohol-related convictions or incidents within a four-year period, or four within an eight-year period, a permanent revocation is statutorily imposed (see *1155 Vehicle and Traffic Law § 1193 [2] [b] [12] [a]). Provided the driver meets certain conditions, however, the Commissioner shall waive the permanent revocation after five years (see Vehicle and Traffic Law § 1193 [2] [b] [12] [b]), and may even grant a restrictive license after three years (see Vehicle and Traffic Law § 1193 [2] [b] [12] [c]), while retaining the authority, on a case-by-case basis, to refuse to restore a license (see Vehicle and Traffic Law § 1193 [2] [b] [12] [b] [ii]). In addition, where a driver has various combinations of four or five alcohol-related infractions during a four-year or eight-year look-back period, a permanent revocation will result, but that revocation may be waived by the Commissioner after eight years (see Vehicle and Traffic Law § 1193 [2] [b] [12] [d], [e]). Finally, the Commissioner is only prohibited from reissuing a license where a driver has two alcohol-related convictions involving a physical injury (see Vehicle and Traffic Law § 1193 [2] [c] [3]).
Notwithstanding the Commissioner’s extremely broad authority in regulating the reissuance of licenses, it is our view that the regulatory imposition of a permanent lifetime ban against a driver with five or more alcohol-related convictions or incidents during his or her lifetime exceeds the Commissioner’s administrative authority. As indicated, even when a driver has five alcohol-related convictions within an eight-year period, the Commissioner may waive the resulting permanent revocation after eight years (see Vehicle and Traffic Law § 1193 [2] [b] [12] [d] [iv]; [e]). In contrast to this statutory authority, the regulation creates a “general policy” mandating a permanent revocation for that very same driver and beyond for drivers, such as petitioner, whose infractions span a lifetime (15 NYCRR 136.5 [d]). While the Commissioner may deviate from this “general policy” for “unusual, extenuating and compelling circumstances” (15 NYCRR 136.5 [d]), such waiver language does not resolve the problem because, by definition, a permanent revocation is the standard and not, of itself, a hardship. In effect, the Commissioner has abdicated her statutory mandate to exercise discretion in the first instance in favor of a general rule mandating a permanent revocation, waivable only under limited and difficult-to-define circumstances.[2] This is not merely filling in an interstitial gap in the statutory structure, but a comprehensive policy determination that crosses the *1156 “difficult-to-define line between administrative rule-making and legislative policy-making” (Boreali v Axelrod, 71 NY2d 1, 11 [1987]). As such, we would grant the petition to the extent that 15 NYCRR 136.5 (b) (1) should be declared null and void, and remit the matter to the Commissioner for further consideration of petitioner’s relicensure application.
Garry, J., concurs. Ordered that the judgment is modified, on the law, without costs, by partially converting the matter to a declaratory judgment action; it is declared that petitioner has not shown 15 NYCRR 136.5 (b) (1) to be invalid; and, as so modified, affirmed. [Prior Case History: 43 Misc 3d 674.]

. In Matter of Acevedo, the Court did not address the regulation at issue here, 15 NYCRR 136.5 (b) (1), which provides for a lifetime license revocation.

. Particularly troubling here is that the Commissioner effectively ignored that aspect of petitioner’s administrative appeal seeking a waiver, by reasoning that the permanent revocation was mandated and not an “abuse of discretion,” without any express analysis as to whether petitioner had shown “unusual extenuating or compelling circumstances.”